UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS.

CIVIL ACTION NO: _____

---

**HECTOR MORALES**
*Plaintiff*

v.

**FEDERAL EXPRESS CORPORATION**
*Defendant*

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

---

**INTRODUCTION**

1.     This is an action under 42 U.S.C. section 1981 and MGL Chapter 151B for

unlawful discrimination based upon race, and unlawful retaliation and harassment based

upon race. This action is brought by Plaintiff Hector Morales, a Hispanic-American male,

who worked for Defendant Federal Express Corporation ("FedEx") until July 31, 2017.

**JURISDICTION AND VENUE**

2.     Jurisdiction over this matter lies in this Court pursuant to 28 U.S.C. §1343 (as to

the §1981 claims) and pursuant to 28 U.S.C. §1367 (regarding supplemental state

claims).

3.     Venue in this District Court is proper because the illegal employment practices

complained of herein occurred in Boston, Suffolk County, Massachusetts.  On

information and belief, the employment records related to Plaintiff's employment with Defendant are also located within Boston, Suffolk County, Massachusetts.

4.     On 5/10/18, Mr. Morales filed a timely Charge of Discrimination on the basis of race, harassment and retaliation with the Massachusetts Commission Against Discrimination and the U.S. Equal Employment Opportunity Commission.

5.     Mr. Morales has requested that his Charges of Discrimination pending at the Massachusetts Commission Against Discrimination and U.S. Equal Employment Opportunity Commission be withdrawn to allow him to file suit in Court. Those requests have been granted.

**THE PARTIES**

6.     Plaintiff Hector Morales is a resident of Chelsea, Suffolk County, Massachusetts. He is a citizen of the United States. He is a Hispanic-American male. His race is Hispanic.

7.     Defendant Federal Express Corporation ("FedEx") is a foreign corporation with a place of business in Boston, Suffolk County, Massachusetts. At all times relevant to this Complaint, FedEx was Plaintiff's employer. FedEx was Plaintiff's employer within the meaning of M.G.L. c.151B §5, and a person within the meaning of M.G.L. c.151B §4.

8.     From approximately late 2015 through July 26, 2017, as is set forth in greater detail below, Plaintiff's supervisor, Mark O'Brien, subjected Plaintiff to unfair treatment, discriminated against Plaintiff in the terms and conditions of his employment, and subjected Plaintiff to a harassing environment, all due to Plaintiff's race, Hispanic.

9.     At all times relevant to this Complaint, Plaintiff performed his job in at least a satisfactory manner.

## FACTUAL BACKGROUND

10. Plaintiff is a 32 year old male, and his race is Hispanic.

11. In September 2015, Mr. Morales started working for FedEx as a courier. In that
position, he worked at the FedEx facility in Boston. During the years that he worked for
FedEx, one of his managers at his workplace was Mr. Mark O'Brien. Mr. O'Brien's race
is White Caucasian.

12. From shortly after Mr. Morales started working for FedEx until the termination of his
employment, he was treated unfairly by Manager O'Brien. This unfair treatment
consisted of speaking to Mr. Morales in a rude and inappropriate manner, yelling and
screaming at Mr. Morales, making unfair and unusual demands upon Mr. Morales, and
trying to humiliate him and degrade him in front of other employees.

13. Manager O'Brien would frequently curse at Mr. Morales while he was yelling at Mr.
Morales for baseless reasons, he would get in Mr. Morales' face, and threaten to
discipline Mr. Morales (for baseless reasons). Although Manager O'Brien was difficult
for anyone to work with, he was noticeably harsher and more unfair with Mr. Morales
than with other employees. Manager O'Brien treated Mr. Morales more strictly and
worse than other employees, because of Mr. Morales' race, Hispanic. Manager O'Brien
hated Hispanic people.

14. During Mr. Morales' employment with FedEx, even though Mr. O'Brien knew quite
well that Plaintiff's last name is "Morales," Mr. O'Brien insisted on calling Mr. Morales
"Gonzalez." Mr. O'Brien knew that Plaintiff's name was not "Gonzalez." Mr. Morales
considered this to be derogatory, harassing, and done simply to denigrate Mr. Morales
because of his race.

3

15. Over the years, including in 2017, Mr. Morales complained to various managers at FedEx about his mistreatment by Manager O'Brien. Mr. Morales stated to them that he felt he was being discriminated against and harassed. Mr. Morales made these statements to Manager Karrie Schaubroeck, Manager James Gately, Manager Jim Kelly, Manager Pat Crowley, Human Resources Representative Perry Jenkins, and possibly others.

16. In early June 2017, Mr. Morales told Manager Schaubroeck that Manager O'Brian was harassing him and giving him a hard time. Mr. Morales told her that he felt that he was being discriminated against.

17. When Mr. Morales told these various managers that he felt that he was being discriminated against or harassed, he would either be told that Manager O'Brien was just doing his job, or that Manager O'Brien was like that with everyone. It is possible that Mr. Morales may have told Operations Managers Edwin (l/n/u) or Jonathan (l/n/u), that he believed Mr. O'Brien was a racist. When Mr. Morales made these various statements he did not really receive any reaction, other than that these individuals might have said that they would talk to Manager O'Brien. On several occasions Mr. Morales witnessed Mr. O'Brien harassing Black employees and Hispanic employees.

18. There were approximately 300 employees in the South Boston facility of FedEx in which Mr. Morales worked. This included people working in trucks. Of these 300 employees, approximately 50 were black, less than 20 were Hispanic and perhaps three were Asian. Of the managers at the facility, 10 were white, one was Hispanic and one was Asian.

4

19. Manager O'Brien was known to "bait" employees to get them to misbehave so he could either discipline them or yell at them. On information and belief, FedEx sent Mr. O'Brien to some type of anger management course. Also on information and belief, several employees filed complaints against Mr. O'Brien with FedEx Human Resources.

20. On July 26, 2017 an incident occurred upon which FedEx claims it terminated Mr. Morales' employment. In reality, this incident was not Mr. Morales' fault, it was an incident in which Manager O'Brien intentionally engaged in misconduct toward Mr. Morales, but Mr. Morales was blamed for the interaction between himself and Mr. O'Brien, and ultimately FedEx falsely claimed this was the reason Mr. Morales was fired. The incident is described below.

21. While Mr. Morales was at work, off duty but waiting for his shift to start, he was informed that someone was outside the FedEx parking lot asking for him. Mr. Morales went out to the parking lot and the person who was there was someone against whom Mr. Morales had filed a small claims action. Mr. Morales told that person to leave his workplace, but they did not comply. After a few minutes of Mr. Morales exchanging words with this person, Managers Crowley and O'Brien came outside. Manager Crowley asked if Mr. Morales was okay, told Mr. Morales to go inside and told the person who had showed up to leave the premises.

22. Once Mr. Morales was inside the workplace he started walking towards the break room. Manager O'Brien started following Mr. Morales, screaming and swearing at Mr. Morales at the top of his lungs in front of other managers. Mr. Morales also started calling Plaintiff "Gonzalez" even though he knew that is not Plaintiff's last name.

5

23. When Mr. Morales entered the break room Manager O'Brien and Manager Crowley followed him inside. As Mr. Morales was starting to explain what had happened outside to the two of them, Manager O'Brien began getting confrontational with Mr. Morales again. Mr. Morales responded by asking Manager Crowley if he (Mr. Morales) could speak to him (Mr. Crowley) in private because Manager O'Brien was making him feel uncomfortable with his (Mr. O'Brien's) aggressive behavior.

24. Manager Crowley agreed to this and insisted they go to the conference room. Manager O'Brien then started shouting at Mr. Morales. Manager Crowley told Manager O'Brien to let him handle the matter but Manager O'Brien refuse to listen. Manager Crowley repeated this to Manager O'Brien several times, and several times Manager O'Brien refused to listen.

25. As Mr. Morales was trying to leave the break room with Manager Crowley, Manager O'Brien started walking up to Mr. Morales, and got close to his face. Mr. Morales told Manager O'Brien "excuse me," that he was off the clock, but Manager O'Brien refused to move out of the way, so Mr. Morales tried to walk around him. Manager O'Brien continued to get in Mr. Morales' face and would not let him walk away.

26. At that point, Manager O'Brien put his hands on Mr. Morales' chest and gave Mr. Morales a shove. Mr. Morales had not touched Manager O'Brien at that point nor did he later. After Manager O'Brien put his hands on Mr. Morales, employee Darrell Maule and Manager Crowley stepped in between Mr. Morales and Manager O'Brien. Mr. Morales then told Manager O'Brien that he was a racist, and that if he put his hands on him (Mr. Morales) again he would call Human Resources. Shortly following this interaction with Manager O'Brien, Mr. Morales may have told Manager Crowley that Mr. O'Brien was a

racist and hated Spanish people, or words to that effect.

27. Shortly after this incident Mr. Morales was suspended, and on July 31, 2017 he was fired, supposedly both due to "what happened outside" and due to this interaction with Manager O'Brien. Mr Morales was later told that the reason he was fired was only the interaction with Manager O'Brien. The claim that Mr. Morales was fired due to this interaction with Manager O'Brien was a pretext for discrimination against Mr. Morales due to his race, and retaliation against Mr. Morales for having complained of discrimination and harassment. But for Mr. Morales' race and his having complained of discrimination and harassment, Mr. Morales would not have had his employment terminated over these matters.

28. The termination of Mr. Morales' employment due to this incident with Manager O'Brien, was a continuation of the racial discrimination against Mr. Morales. Rather than disciplining the White employee who had engaged in misconduct, namely Manager O'Brien, FedEx chose to discipline Mr. Morales, a Hispanic, by terminating his employment. Similarly, if not for the fact that Mr. Morales is Hispanic, FedEx would not have terminated Mr. Morales' employment over these matters, but would have given him no discipline or lesser discipline.

29. The incident with Manager O'Brien, even though Mr. Morales was not at fault in the incident, gave FedEx an excuse to retaliate against Mr. Morales for his many previous complaints of discrimination and harassment.

30. Mr. Morales made use of the various appeals available to FedEx employees who have been fired, after the termination of his employment. All of the decisions and those

appeals went against Mr. Morales. However, at every appeal or hearing Mr. Morales had, the fact that he was assaulted by Manager O'Brien was not considered, the fact that he had been repeatedly discriminated against and harassed by Manager O'Brien was not considered, and the fact that he had previously complained of discrimination was not considered. Additionally, the testimony of a witness who testified in Mr. Morales' favor, appears to have been ignored.

31. The harassing, discriminatory and retaliatory actions of FedEx and Mr. O'Brien in subjecting Mr. Morales to harassment and in terminating his employment due to discriminatory bias and retaliation against him, have caused Mr. Morales much financial harm and emotional distress, injuries which will continue into the future.

32. Mr. Morales was discriminated against, harassed, retaliated against and fired because he is Hispanic, and because he had previously complained of discrimination and harassment.

33. FedEx is responsible and liable for the actions of Mr. Morales' supervisors and managers, including Mr. O'Brien, as set forth herein.

34. These actions of Mr. O'Brien and the actions for which FedEx is responsible as set forth above, constitute illegal discrimination and harassment against Mr. Morales due to his race, and illegal retaliation, all in violation of M.G.L. c.151B and 42 U.S.C. section 1981. The illegal actions of Mr. O'Brien and FedEx against Mr. Morales were knowing, intentional and willful. Because of the illegal actions of Mr. O'Brien and FedEx, Mr. Morales has been caused to suffer, and will continue to suffer, substantial financial and emotional injuries.

## COUNT I
## AGAINST DEFENDANT FEDEX
## FOR DISCRIMINATION AND HARASSMENT ON THE BASIS OF RACE, IN
## VIOLATION OF 42 U.S.C. 1981

35.     Plaintiff restates and incorporates by reference as if fully set forth herein

paragraphs 1-34 above.

36.     By its actions set forth above, and by the actions of its supervisors and managers

for which it is responsible, Defendant FedEx has engaged in racial discrimination and

racial harassment against Mr. Morales, in violation of 42 U.S.C. section 1981.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against
Defendant Fedex, in an amount to be determined by this Court, including monies to
compensate him for lost back pay and benefits, lost future pay and benefits, injury to his
career, punitive damages, emotional pain and suffering, interest, costs, attorney's fees,
and such other and further relief that this Court deems just and proper.

## COUNT II
## AGAINST DEFENDANT FEDEX
## FOR DISCRIMINATION AND HARASSMENT ON THE BASIS OF RACE IN
## VIOLATION OF MGL CHAPTER 151B

37.     Plaintiff restates and incorporates by reference as if fully set forth herein

paragraphs 1-36 above.

38.     By its actions set forth above, and by the actions of its supervisors and managers

for which it is responsible, Defendant FedEx has engaged in discrimination and

harassment on the basis of race against Mr. Morales, in violation of MGL Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against
Defendant FedEx, in an amount to be determined by this Court, including monies to
compensate him for lost back pay and benefits, lost future pay and benefits, injury to his
career, punitive damages, emotional pain and suffering, interest, costs, attorney's fees,
and such other and further relief that this Court deems just and proper.

## COUNT III
## AGAINST DEFENDANT FEDEX FOR RETALIATION IN VIOLATION OF 42 U.S.C. SECTION 1981

39.    Plaintiff restates and incorporates by reference as if fully set forth herein

paragraphs 1-38 above.

40. By its actions set forth above, Defendant FedEx has engaged in retaliation against

Mr. Morales for complaining of discrimination and harassment, in violation of 42 U.S.C.

sections 1981.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against
Defendant FedEx, in an amount to be determined by this Court, including monies to
compensate him for lost back pay and benefits, lost future pay and benefits, injury to his
career, punitive damages, emotional pain and suffering, interest, costs, attorney's fees,
and such other and further relief that this Court deems just and proper.

## COUNT IV
## AGAINST DEFENDANT FEDEX FOR RETALIATION IN VIOLATION OF MGL CHAPTER 151B

41.    Plaintiff restates and incorporates by reference as if fully set forth herein

paragraphs 1-40 above.

42. By its actions set forth above, Defendant FedEx has engaged in retaliation against

Mr. Morales for complaining of discrimination and harassment, in violation of MGL

Chapter 151B.

WHEREFORE, Plaintiff demands that this Court enter Judgment in his favor and against
Defendant FedEx, in an amount to be determined by this Court, including monies to
compensate him for lost back pay and benefits, lost future pay and benefits, injury to his
career, punitive damages, emotional pain and suffering, interest, costs, attorney's fees,
and such other and further relief that this Court deems just and proper.

## JURY TRIAL DEMAND

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL COUNTS AND ISSUES SO TRIABLE.**

Respectfully submitted,
HECTOR MORALES
By his Attorney,

/s/ Mitchell J. Notis

_____

Mitchell J. Notis, BBO # 374360
LAW OFFICES OF MITCHELL J. NOTIS
32 KENT Street
Brookline, MA 02445
Tel.: 617-566-2700