**United States District Court**
**District of Massachusetts**

```
_____   )
                               )
Hector Morales,                )
                               )
          Plaintiff,           )
                               )
     v.                        )       Civil Action No.
                               )       20-11434-NMG
Federal Express Corporation,   )
                               )
          Defendant.           )
_____   )
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of the alleged discriminatory treatment of and retaliation against Hector Morales ("Morales" or "plaintiff"). Morales claims that his employer, Federal Express Corporation ("FedEx" or "defendant"), discriminated against him due to his race and terminated him for complaining about that discrimination, in violation of state and federal law. Pending before the Court is the defendant's motion for summary judgment.

## I.   Background

Morales began working for FedEx in Boston in September, 2015. From that time until his termination on July 31, 2017, Morales alleges that one of the FedEx managers, Mark O'Brien ("O'Brien"), discriminated against him because he is Hispanic.

- 1 -

According to Morales, O'Brien treated him more harshly than
other employees, making unfair demands upon him and disciplining
him unjustly.  Morales repeatedly complained to other managers,
including Karrie Schaubroeck ("Schaubroeck"), about that
behavior to no avail.  O'Brien also continuously and perhaps
deliberately referred to Morales as "Gonzalez" although,
according to Morales, O'Brien knew that was not his name.

On July 26, 2017, Morales was off-duty and waiting for his
shift to begin in the FedEx breakroom when another employee told
him that an individual outside of the building was asking if
Morales worked there.  Morales left the building and recognized
the individual as Michael Gumbs ("Gumbs"), against whom Morales
had filed a lawsuit to collect a debt.  Morales and Gumbs
engaged in a heated argument in the FedEx parking lot a few feet
from the employee entrance of the building and approximately 100
feet from the customer entrance.  FedEx managers were notified
of the fracas and intervened.  Gumbs eventually left the area
and Morales reentered the building.

FedEx managers then sought to learn more about the
disturbance from Morales.  In response to their questions,
Morales demurred, emphasizing that the argument arose from a
personal conflict.  He declined to provide any details.
According to Morales, the inquiry then quickly escalated.

O'Brien, who was among the managers, purportedly began to yell
and shoved Morales, prompting other employees to intercede
physically.

Morales was subsequently suspended with pay pending an
investigation into the incident and, five days later, was
terminated.  The termination letter stated that Morales'
behavior on July 26, 2017 had violated the FedEx Acceptable
Conduct Policy and that his employment was terminated because of
his behavioral history.  That letter was issued by Schaubroeck
and there is no evidence that O'Brien participated in the
decision to discipline or terminate Morales.  Plaintiff
unsuccessfully appealed the decision pursuant to the FedEx
internal appeals process, contending that O'Brien unnecessarily
escalated the situation and that FedEx was using the incident as
a pretext to retaliate against Morales for his previous
complaints of discrimination and harassment.

That was not, however, the first time Morales had faced
disciplinary procedures during his employment at FedEx.  In
2015, while Morales was still in training, he received a warning
letter contending that he had failed to follow directives given
by a FedEx manager and engaged in a verbal confrontation with
that manager.  Morales received another warning letter in 2016
after he failed to follow delivery protocol at a Boston hotel

and later confronted hotel staff for reporting his conduct.  The
second letter warned that any further behavioral problem might
result in disciplinary action up to and including termination.
Morales unsuccessfully challenged the issuance of that second
warning letter through the company appeals process.  Neither of
those prior incidents involved O'Brien nor has Morales alleged
that either of the incidents or FedEx's responses to them were
the result of discrimination.

In May, 2018, Morales filed complaints with the
Massachusetts Commission Against Discrimination and the U.S.
Equal Employment Opportunity Commission alleging that he was
subject to racial discrimination and retaliation, i.e.
termination, during his FedEx employment.  Morales subsequently
filed a four-count complaint with this Court in July, 2020.  He
asserts that FedEx discriminated against him based on race, in
violation of 42 U.S.C. § 1981 (Count I) and in violation of the
Massachusetts Anti-Discrimination Statute, M.G.L. c. 151B
("Chapter 151B") (Count II), and retaliated against him in
violation of those same statutes (Counts III and IV).  Pending
before this Court is the motion of FedEx for summary judgment.

II.  **Motion for Summary Judgment**

   A. Legal Standard

      The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." Mesnick v. Gen. Elec. Co.*,* 950 F.2d 816, 822 (1st Cir. 1991) (quoting Garside v. Osco Drug, Inc.*,* 895 F.2d 46, 50 (1st Cir. 1990)).  The burden is on the moving party to show, through the pleadings, discovery and affidavits, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

      A fact is material if it "might affect the outcome of the suit under the governing law...." Anderson v. Liberty Lobby, Inc.*,* 477 U.S. 242, 248 (1986).  A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." Id.

      If the moving party satisfies its burden, the burden shifts to the nonmoving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett*,* 477 U.S. 317, 324 (1986).  The Court must view the entire record in the light most favorable to the non-moving party and make all reasonable inferences in that party's favor. O'Connor v.

Steeves, 994 F.2d 905, 907 (1st Cir. 1993).  Summary judgment is appropriate if, after viewing the record in the non-moving party's favor, the Court determines that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Celotex Corp., 477 U.S. at 322-23.

### B. Application

#### 1.    Federal claims

Morales alleges that FedEx violated 42 U.S.C. § 1981 by discriminating against him based on race and retaliating against him in response to his complaints about that discrimination. Section 1981 provides, in relevant part, that

> [a]ll persons within the jurisdiction of the United
> States shall have the same right...to the full and
> equal benefit of all laws and proceedings...as is
> enjoyed by white citizens...[.]

42 U.S.C. § 1981(a).  The statute is governed by a four-year statute of limitations. Buntin v. City of Bos., 813 F.3d 401, 405 (1st Cir. 2015) (citing Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382 (2004)).

Defendant responds that FedEx's Employment Agreement, which Morales signed when he applied to the company in 2015, bars those claims.  That Agreement provides, in all capital letters:

> [T]o the extent the law allows an employee to bring
> legal action against the company or any manager
> employed by the company and acting in his or her
> managerial capacity, I agree to bring any claim within
> the time provided by law or no later than six (6)

- 6 -

> months from the date of the event forming the basis of
> my claim, whichever expires first.  I realize and
> acknowledge that I am agreeing to bring any claim I
> may have within a shorter time than may otherwise be
> provided by law.

Morales filed his claims in July, 2020, just under three years

after he was terminated from FedEx.

Under Massachusetts law, parties are permitted to contract

for limitations periods shorter than that which is provided by

law, "so long as the agreed upon period is reasonable." Krumholz

v. AJA, LLC, 691 F. Supp. 2d 252, 256 (D. Mass 2010).

> What constitutes a reasonable period of time in which
> to require commencement of a legal action will vary
> according to the type of contract, the circumstances
> in which a given agreement is reached, and the
> particular provisions of that agreement.

Creative Playthings Franchising, Corp. v. Reiser, 978 N.E.2d

765, 770 (2012).  Courts have found limitations periods ranging

from 90 days to 39 months to be reasonable. See Alcorn v.

Raytheon Co., 175 F. Supp. 2d 117, 121 (D. Mass. 2001).

A variety of courts have found that the six-month

limitations period set forth in the FexEx Employment Agreement

is reasonable and bars federal employment discrimination claims

brought after the expiration of that period. See Morgan v. Fed.

Express Corp., 114 F. Supp. 3d 434, 444 (S.D. Tex. 2015), and

cases cited; Adams v. Fed. Express Corp., No. CV 5: 15-376-DCR,

2016 WL 6211277, at *3 (E.D. Ky. Oct. 24, 2016); Badgett v. Fed.

Express Corp., 378 F. Supp. 2d 613, 624 (M.D.N.C. 2005).  As in

each of those circumstances, the language used in the Agreement
that Morales signed was clear and unambiguous and Morales
verified that he had "read [the] entire Agreement" and
"thoroughly understood" its contents. See Morgan, 114 F. Supp.
3d at 444.  Under those circumstances, and with respect to
Morales' termination well before the six-month deadline, the
limitation period imposed is reasonable.  Thus, the federal
claims asserted are time-barred.

Morales does not dispute that he voluntarily signed the
Agreement and understood its content.  Rather, he contends that
the limitation period is unreasonable because it is contrary to
public policy.  Such an argument is better addressed to a
legislative body than to this Court.  The Massachusetts Supreme
Judicial Court ("SJC") has explicitly empowered the legislature
to restrict contractually shortened limitations periods where
public policy so requires. See Creative Playthings, 978 N.E.2d
at 770.  The legislature has not, however, done so in the
context of discrimination claims and this Court declines to
legislate judicially.  Moreover, the cases that Morales relies
upon to support his contention concern statutory causes of
action other than § 1981 and are therefore affected not only by
dissimilar statutory regimes but also by public policy
considerations. See Thompson v. Fresh Prod., LLC, 985 F.3d 509,
520 (6th Cir. 2021) (distinguishing applicability of limitations

period to different statutory causes of action).  That case law
is not apposite here.

### 2.    State discrimination claim

Chapter 151B of the Massachusetts General Laws makes it
unlawful for an employer to

> discharge from employment...or to discriminate against
> [an] individual in compensation or in terms,
> conditions or privileges of employment

based upon, <u>inter</u> <u>alia</u>, race. M.G.L. c. 151B § 4.  To prevail on
a claim of employment discrimination in violation thereof, an
employee must prove: (1) membership in a protected class, (2)
harm, (3) discriminatory animus and (4) causation. <u>Sullivan</u> v.
<u>Liberty Mut. Ins. Co.</u>, 825 N.E.2d 522, 530 (2005).  Here, as in
most cases, parties dispute only the third and fourth elements.

In establishing each of those elements, a plaintiff may
rely upon direct or circumstantial evidence.  Direct evidence,
i.e. "statements by a decisionmaker that directly reflect the
alleged animus and bear squarely on the contested employment
decision," are relatively rare and, thus, most plaintiffs rely
upon circumstantial evidence. <u>Zampierollo-Rheinfeldt</u> v.
<u>Ingersoll-Rand de Puerto Rico, Inc.</u>, 999 F.3d 37, 52 (1st Cir.
2021) (citations and quotations omitted).  Such evidence is
assessed using the familiar <u>McDonnell Douglas</u> burden-shifting
framework. <u>McDonnell Douglas Corp.</u> v. <u>Green</u>, 411 U.S. 792, 802

(1973).  The burden shifting framework was originally applied in the Title VII context but it is also used to examine allegations of discrimination in violation of Chapter 151B. Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003).

That framework first requires a plaintiff to establish a prima facie case of racial discrimination by demonstrating that: (1) he belonged to a protected class, (2) he was performing his job at an acceptable level and (3) he suffered an adverse employment action, such as termination. Bulwer v. Mount Auburn Hosp., 46 N.E.3d 24, 32-33 (2016).  If the plaintiff is successful in so doing, the burden of production shifts to the employer to rebut that evidence "by articulating a legitimate, nondiscriminatory reason" for the employment decision. Id. at 33 (quotation omitted).  If the employer offers such a reason, the burden returns to the plaintiff to prove that the employer's justification is mere pretext rather than "the real reasons for that action." Id. (quotation omitted).

Before proceeding to that analysis, however, two matters raised in the parties' filings merit clarification.

First, plaintiff asserts that O'Brien's conduct toward Morales provides direct, rather than circumstantial, evidence of racial discrimination.  Case law does not support that assertion because there is neither evidence that O'Brien made explicitly

discriminatory statements nor evidence directly linking O'Brien's alleged discrimination to the relevant termination decision. See Zampierollo-Rheinfeldt, 999 F.3d at 52.  O'Brien annoyingly referring to Gonzalez as Morales, even if deliberate, does not supply such evidence of racial bias. See Beltran v. Univ. of Tex. Health Science Center at Houston, 837 F.Supp.2d 635, 645 (S.D. Tex. 2011).  That lack of evidence is significant, in part, because Morales does not argue that he ever sought to correct O'Brien during his tenure at FedEx or provide evidence that O'Brien's conduct was motivated by racial animus.  The evidence proffered by Morales, therefore, will be assessed as circumstantial evidence of discrimination.

Second, in accordance with the SJC's most recent articulation of the elements of a prima facie case of discrimination pursuant to the McDonnell Douglas framework, see, e.g., Bulwer, 46 N.E.3d at 32, this Court does not interpret Chapter 151B to require an employee in a discharge case to show that the position remained open or that the employer sought to fill the position with a person of similar qualifications. See Massasoit Indus. Corp. v. Massachusetts Comm'n Against Discrimination, 73 N.E.3d 333, 338 n.4 (Mass. App. Ct. 2017). As set forth supra, there are three, rather than four, elements to the prima facie case within the first step of that framework.

Turning to the McDonnell Douglas framework, parties do not substantively debate that Morales has established the prima facie elements set forth in Bulwer, 46 N.E.3d at 32, or that FedEx has provided a legitimate, nondiscriminatory reason for his termination.  The disagreement arises at the third step of the framework: whether Morales has demonstrated that the reasons given for his termination, specifically his disciplinary record and the July, 2017 incident, were pretextual.

Massachusetts is a "pretext only" jurisdiction, meaning:

> [t]o survive a motion for summary judgment, the plaintiff need only present evidence from which a reasonable jury could infer that the respondent's facially proper reasons given for its action against [her] were not the real reasons for that action.

Bulwer, 46 N.E.3d at 33 (quoting, in part, Wheelock College v. Massachusetts Comm'n Against Discrimination, 355 N.E.2d 309 (1976)).  That is to say, under the Massachusetts regime, a plaintiff is not required to demonstrate that the reasons given for the termination were pretextual and the termination occurred because of a discriminatory animus. Id. at 33–34.  Instead, a plaintiff is required to show only that the facially legitimate rationale for the termination is not the real reason for the employment decision. Id.  Then, at trial, the jury may infer that the prima facie case along with the pretext suffices to demonstrate discrimination. Id.

Pretext can be established by

showing weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons

such that a factfinder can infer that the employer did not act for the stated reasons. Taite v. Bridgewater State Univ., Bd. of Trustees, 999 F.3d 86, 94 (1st Cir. 2021) (quoting Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 56 (1st Cir. 2000). That assessment is holistic, both circumstantial and direct evidence is considered "as part of an aggregate package of proof offered by the plaintiff." Id. (quoting Mesnick v. Gen. Elec., 950 F.2d 816, 824 (1st Cir. 1991)). The plaintiff need not prove his case, rather he "need only show that his ability to meet that burden turns on a genuine issue of material fact." Soto-Feliciano v. Villa Cofresí Hotels, Inc., 779 F.3d 19, 23 (1st Cir. 2015). On the other hand,

summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.

Theidon v. Harvard Univ., 948 F.3d 477, 496 (1st Cir. 2020) (quoting Coll v. PB Diagnostic Sys., Inc., 50 F.3d 1115, 1121 (1st Cir. 1995)).

Even viewed in the light most favorable to Morales, the record fails to set forth a genuine issue of material fact as to whether the reasons given for his termination were pretextual. O'Brien, the only FedEx employee that Morales alleges harbored

discriminatory sentiments, is not alleged to have been involved in Morales' disciplinary proceedings or the ultimate termination decision. Thompson v. Coca Cola Co., 497 F. Supp. 2d 80, 93 (D. Mass. 2007), aff'd, 522 F.3d 168 (1st Cir. 2008) (finding manager's stray discriminatory remarks "totally unconnected with the allegedly discriminatory discharge" insufficient to support a claim of pretext).  At the most basic level, Morales' case is therefore missing the necessary link between the discriminatory conduct alleged and the adverse action.  Moreover, FedEx provided a consistent explanation for the termination and, in fact, warned Morales in 2016 that any further disciplinary infraction might result in termination, as it subsequently did. That constancy undermines any claim that FedEx "did not believe in the accuracy of the reason given for the adverse employment action" which Morales must prove to sustain a charge of pretext. Kouvchinov v. Parametric Tech. Corp., 537 F.3d 62, 67 (1st Cir. 2008) (citation omitted).

Based on such undisputed facts, there is no evidence to support the contention that FedEx's justification for the termination was pretextual and, thus, no rational factfinder could find that FedEx discriminated against Morales based on race.  While Morales points to a plethora of factual disputes concerning the conditions of his employment and his interactions with O'Brien, such disputes are not legally relevant to the

claim at issue.  Here is the rare case where plaintiff has
failed to provide the "minimally sufficient evidence" of both
pretext and discriminatory animus to survive summary judgment.
Pearson v. Massachusetts Bay Transp. Auth., 723 F.3d 36, 41 (1st
Cir. 2013).

### 3.    State retaliation claim

Morales also asserts that he was the victim of retaliation
in violation of Chapter 151B.  To establish a prima facie claim
for retaliation, Morales must demonstrate that: (1) he engaged
in protected conduct, (2) he suffered an adverse employment
action and (3) the two were causally related. Ponte v. Steelcase
Inc., 741 F.3d 310, 321 (1st Cir. 2014) (citation omitted).
Once a prima facie case is articulated, a standard that has been
described as requiring only a "small showing", the McDonnell
Douglas burden-shifting framework applies. Kosereis v. Rhode
Island, 331 F.3d 207, 213 (1st Cir.2003).  Such a claim may
succeed even if the underlying claim of discrimination fails,
provided that the plaintiff can

> prove that [he] reasonably and in good faith believed
> that the employer was engaged in wrongful
> discrimination.

Psy-Ed Corp. v. Klein, 947 N.E.2d 520, 529-30 (2011).

As an initial matter, defendant disputes whether Morales engaged in protected conduct by complaining to FedEx managers about O'Brien's alleged discrimination.

> Protected activity includes not only the filing of formal charges of discrimination but also informal protests of discriminatory employment practices, including making complaints to management.

Jacquet v. City of Somerville, No. CV 18-10167-GAO, 2020 WL 3545535, at *4 (D. Mass. June 30, 2020) (quoting Fantini v. Salem State Coll., 557 F.3d 22, 32 (1st Cir. 2009)). Under that standard, Morales' repeated complaints to management undoubtedly so qualify. The cases cited by FedEx on this point are easily distinguishable because, in contrast to the plaintiffs in those cases, Morales specifically alerted management that he believed he was facing racial discrimination.

Nonetheless, Morales has failed to articulate a prima facie case of retaliation. As described supra, there is no evidence in the record to create the necessary "causal nexus," Ponte, 741 F.3d at 322, between Morales' protected conduct and his termination. Morales alleges that, over the course his extensive employment at FedEx, he consistently complained about O'Brien's alleged discrimination. That elongated timeline confounds any "chronological proximity" between the protected conduct and the adverse action that could give rise to an inference of causation. Wright v. CompUSA, Inc., 352 F.3d 472,

478 (1st Cir. 2003); see Toussaint v. Brigham & Women's Hosp.,
Inc., 166 F. Supp. 3d 110, 118 (D. Mass. 2015) (finding one-year
temporal connection insufficient to forestall summary judgment).

Moreover, neither of Morales' two disciplinary infractions
that predate July, 2017——those that led to the ultimatum that
further infractions could result in termination——involved
allegations of discrimination.  Perhaps most significant is the
fact that O'Brien, the only FedEx employee about whom Morales
complains, was not involved in the ultimate termination
decision.  Morales' own conclusory statements linking the
alleged discrimination to his termination, without more, are not
entitled to weight at this stage of litigation. Enica v.
Principi, 544 F.3d 328, 336 (1st Cir. 2008) (quoting Ingram v.
Brink's, Inc., 414 F.3d 222, 228-29 (1st Cir. 2005)).  Entry of
summary judgment on this claim is therefore warranted.

**ORDER**

For the foregoing reasons, the motion of defendant FedEx
for summary judgment (Docket No. 29) is **ALLOWED.**

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated June 24, 2022